MARY B. NEALE v. D. C. REED.

158 So. 87.

Opinion Filed December 13, 1934.

*Arthur H. Shoupe,* for Plaintiff in Error;
*Kearley & Chapman,* for Defendant in Error.

BUFORD, J.—The writ of error here brings for review judgment in favor of defendant in a suit instituted by a widow for damages occasioned by the wrongful death of her husband, it being alleged in effect that defendant so negligently drove and operated an automobile on the public highway as to run the same on and against plaintiff's husband and thereby effect his death.

The assignments of error are as follows:

"1. That said court erred in denying plaintiff's motion for new trial, in that certain order dated the 7th day of November, 1933.

"2. That the jury's verdict and said court's judgment is contrary to law and the weight of the evidence.

"3. That the jury relied upon and considered matters and things extraneous from the evidence legally before it.

"4. That the court erred in failing to instruct the jury on the law of proof and effect of negligence shown by circumstantial evidence.

"5. That the court erred in failing to instruct the jury on the law and effect of evidence tending to impeach witnesses.

"6. That the court erred in its instructions to the jury on the laws of contributory negligence.

"7. That the court erred in its instructions to the jury on the law of pedestrians using the highways and the degree of care imposed by law on persons using the highways in motor vehicles to prevent injury to pedestrians and others using same."

The third, fourth, fifth, sixth and seventh assignments of error are too general to be of any force or effect and point out no specific errors alleged to have occurred. The first assignment of error challenges the action of the trial court in denying motion for new trial.

The second assignment of error challenges the sufficiency of the evidence to support the verdict.

The motion for a new trial was on following grounds:

"1. That the jury's verdict is contrary to law and the weight of the evidence.

"2. That the jury relied upon and considered matters and things extraneous from the evidence legally before it.

"3. That the court erred in failing to instruct the jury on the law of proof of negligence by circumstantial evidence.

"4. That the court erred in failing to instruct the jury on the law of impeachment of witnesses."

The second, third and fourth grounds of the motion are too general in terms to be of any force and effect. They serve to point out to the trial court no specific errors committed, fail to show wherein the court gave erroneous instructions or refused to give proper instructions when requested by plaintiff and so the only ground of the motion for new trial which was so stated as to require consideration by the court was the first ground which challenged the sufficiency of the evidence. So it is that the only question presented for our determination upon this record is whether or not there was substantial evidence to support the verdict after the same had been held sufficient on consideration of motion for new trial by the trial court.

There is substantial evidence found in the record to support the verdict and judgment. Therefore, same should be affirmed.

It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD and BROWN, J. J., concur.